■ In the Matter of the Claim of PETER POTAPCHUK, Appellant, v. KALDA CONSTRUCTION Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Workmen's Compensation Board denying benefits on the grounds that no industrial accident had been established and that claimant's disability was not causally related to any incident in his employment. Claimant, a doorman, testified that on or about May 20, 1961 while putting garbage away in an incinerator room a pipe fell on his left foot injuring his toes. He alleges this incident was not reported to his employer because he was afraid of losing his job. He also testified that subsequently he suffered another injury to the same foot when a visitor stepped on it as he held a door open for him. This incident claimant reported to his superior. In June of 1961 claimant was hospitalized and his left leg amputated. Claimant produced expert testimony to establish causation between the two alleged accidents and the amputation. Claimant initially urges that the board's denial of the happening of an industrial accident is not supported by substantial evidence. We cannot agree. The burden of proof was on claimant to establish that there was an accidental injury connected with employment (*Matter of Rothschild* v. *Flatbush Jewish Center,* 18 A D 2d 1045). Here claimant's case depends solely on the acceptance of his account of what transpired as supported by the testimony of his superior. Questions of credibility are, of course, within the province of the board. "The board was not bound as a matter of law to accept claimant's testimony." (*Matter of Scarpullo* v. *Alba Barber Shop,* 18 A D 2d 1122.) "The disbelief by the board of an assertion of this kind is not an absence of substantial evidence in support of a negative finding." (*Matter of Rothschild* v. *Flatbush Jewish Center, supra.*) The finding made in this case was within the fact-finding power of the board. Similarly there is substantial evidence on which the board could find that the condition was due to a pre-existing disease rather than to either or both of the alleged accidents. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.